IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| LIDELY D. MOREL | BANKRUPTCY NO. 24-12980 (PMM) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of LIDELY D. MOREL | |
| Plaintiff | |
| v. | ADVERSARY NO. 24- |
| MANUEL M. MOREL | |
| Defendant | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Lidely D. Morel (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Manuel M. Morel (the "Defendant"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a fraudulent transfer made to the Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 232 Richwood Avenue, Second Floor, Brooklyn, NY 11208.

7. The Defendant is the Debtor's father.

## STATEMENT OF FACTS

**A.  Procedural Background.**

8. On August 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

9. On August 28, 2024, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

**B.  The Transfer.**

10. The Debtor previously owned residential real property located at 148 West Greenwich Street, Reading, PA 19601 (the "Real Property").

2

11. The Real Property was transferred by the Debtor, as grantor, to the Defendant, as grantee, by way of a deed (the "Deed") dated May 13, 2022 and recorded on May 13, 2022 (Instrument No. 2022020094) (the "Transfer"). The Deed is attached hereto as Exhibit "A" and made a part hereof.

12. Upon information and belief, at the time of the Transfer and as of the Petition Date, the Debtor had liabilities owed to PSECU, TD Bank, Visions, Wells Fargo Bank and others.

13. The Declaration of the Plaintiff in Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

## COUNT I

### To Avoid and Recover Actual Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550

14. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 13 hereof as if fully set forth herein at length.

15. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). In pertinent part, this statutory provision states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title . . .

*See*, 11 U.S.C. § 544(b)(1).

16. The requisite state law theory that the Plaintiff seeks to apply in this action to avoid the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), which reads, in relevant part, as follows:

> (a) General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the

3

transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor . . .

(b) Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:

(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was disclosed or concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

*See*, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

17. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

18. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within the applicable time-limitation period. The Transfer occurred within four (4) years of the Petition Date.

19. As set forth herein, the Debtor owes obligations to PSECU, TD Bank, Visions, Wells Fargo Bank and others. Thus, there were creditors of the Debtor as of the Petition Date.

20. As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit "A".

4

21. Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

22. That being so, the Plaintiff believes and therefore avers that the Debtor made the Transfer to the Defendant with actual intent to hinder, delay or defraud her creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

23. The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud her creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

   (a) The Debtor received no reasonably equivalent value for the Transfer;

   (b) The Transfer was made to the Defendant who is an insider of the Debtor;

   (c) The Transfer occurred when the Debtor was having financial difficulties;

   (d) The Transfer occurred when the Debtor had been sued or threatened with suit;

   (e) The Transfer was substantially all of the Debtor's assets; and

   (f) The Transfer occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the Transfer.

24. In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfer to the Defendant she would be unable to meet her obligations to her creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant in accordance with 11 U.S.C. §§ 544(b)(1) and 550 and 12 Pa. C.S.A. §§ 5104(a)(1)

and (b) as follows:

    (a)    Declaring that the Transfer be set aside and declared void;

    (b)    Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

    (c)    Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

    (d)    Awarding pre- and post-judgment interest;

    (e)    Awarding the Plaintiff her costs and reasonable attorneys' fees; and

    (f)    Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Avoid and Recover Constructive Fraudulent Transfer
### Pursuant to 11 U.S.C. §§ 544 and 550

25.    The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 24 hereof as if fully set forth herein at length.

26.    A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

    (a)    General rule. — A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
. . .
    (2)    without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
        (i)    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

6

> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due . . .

*See*, 12 Pa. C.S.A. § 5104(a)(2).

27. The other state law theory that the Plaintiff seeks to apply in this action is found at § 5105 of the PUVTA. In pertinent part, it provides as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation . . .

*See*, 12 Pa. C.S.A. § 5105.

28. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

29. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within four (4) years of the Petition Date.

30. As already stated, a review of the present set of facts affirmatively demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit "A".

31. Specifically, a review of the present set of facts affirmatively demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

32. PSECU, TD Bank, Visions, Wells Fargo Bank and others were creditors at the time of the Transfer and as of the Petition Date.

33. This being so, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to become insolvent as a result of the Transfer.

7

34. In like manner, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

35. At the same time, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond her ability to pay.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 550 and 12 Pa. C.S.A. §§ 5104(a)(2) and 5105 as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a);

(c) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(d) Awarding pre- and post-judgment interest;

(e) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(f) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: December 23, 2024

9

**EXHIBIT "A"**

|     **Mary Kozak**  **Berks County Recorder of Deeds**  Berks County Services Center 3rd Floor  633 Court Street  Reading, PA 19601  Office: (610) 478-3380 ~ Fax: (610) 478-3359  Website: www.countyofberks.com/recorder | **INSTRUMENT # 2022020094**  RECORDED DATE: 05/13/2022 12:10:02 PM    5085961-0008Z |
|---|---|
| **Document Type:** DEED | **Transaction #:** 5853667  **Document Page Count:** 3  **Operator Id:** lmessersmith |
| **PARCEL ID(s):** (See doc for additional parcel #'s)  15530765531467 | **SUBMITTED BY:**  JOHN J GRENKO, ESQ  519 WALNUT ST  READING, PA 19601 |

**\* PROPERTY DATA:**

Municipality: CITY OF READING
School District: READING

\*\* PLEASE SEE DOCUMENT OR INDEX FOR ADDITIONAL PROPERTY DATA

**\* ASSOCIATED DOCUMENT(S):**

| CONSIDERATION/SECURE AMT: $1.00  TAXABLE AMOUNT: $0.00  FEES / TAXES:  RECORDING FEES: DEED $14.75  AFFORDABLE HOUSING FEE $11.50  RECORDS IMPROVEMENT FUND $5.00  JUDICIAL FEE $40.25  WRIT TAX $0.50  PARCEL ID FEE $10.00  Total: $82.00 | INSTRUMENT #: 2022020094  Recorded Date: 05/13/2022 12:10:02 PM  I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Berks County, Pennsylvania.    *Mary Kozak* (signature)  **Mary Kozak**  **Recorder of Deeds** |
|---|---|

**OFFICIAL RECORDING COVER PAGE**   Page 1 of 4

# PLEASE DO NOT DETACH
THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

Prepared By:      John J. Grenko, Esquire
519 Walnut Street
Reading, PA   19601

Premises:         148 West Greenwich Street, Reading, PA 19601
City of Reading, Berks County, PA

Parcel #          15530765531467

Return To:        Manuel R. Morel
148 West Greenwich Street
Reading, PA 19601

# This Indenture, made the 13th day of May, 2022

## Between Lidely Morel, of the City of Reading, County of Berks and Commonwealth of Pennsylvania, (hereinafter called the Grantor), and party of the one part,

AND

## Manuel R. Morel, of the City of Reading, County of Berks and Commonwealth of Pennsylvania, (hereinafter called the Grantee), and party of the other part.

Witnesseth, That the said Grantor, for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money of the United State of America, unto her truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt of which is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantee, his heirs and assigns,

ALL THAT CERTAIN two-story mansard roof stone dwelling house and the lot or piece of ground upon which the same is erected, situate on the South side of West Greenwich Street, between Weiser and McKnight Streets, and being known as House No. 148 West Greenwich Street, in the City of Reading, County of Berks and Commonwealth of Pennsylvania, and being bounded and described as follows, to wit:

On the North by said West Greenwich Street; on the East by property now or late of James Bittner, being property No. 146 West Greenwich Street; on the South by a ten feet (10') wide alley; and on the West by property now or late of Harry B. High, being property No. 150 West Greenwich Street.

CONTAINING in front on said West Greenwich Street, in width or breadth East and West, fifteen feet (15') and in depth or length of equal width or breadth, North and South, one hundred and ten feet (110') to said ten feet (10') wide alley on the South.

BEING THE SAME PREMISES which Manuel R. Morel and Lidely Morel, father and daughter, by their deed dated April 30, 2016 and recorded on June 17, 2016 in the Office of the Recorder of Deeds in and for the County of Berks, Commonwealth of Pennsylvania as Instrument No. 2016020489 granted and conveyed to Lidely Morel, in fee.

This transfer is an exempt transaction under the terms of the Pennsylvania Real Estate Transfer Tax Statute, due to the fact that it is a transfer between a Daughter and her Father.

Together with all and singular, the buildings, improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in, and to the same.

To have and to hold the said hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said Grantee, his heirs and assigns, to and for the only proper use and behoof of the said Grantee, his heirs and assigns forever.

And the said Grantor, for herself, her heirs, executors and administrators, does covenant, promise and agree, to and with the said Grantee, his heirs and assigns, by these presents, that she, the said Grantor, her heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee, his heirs and assigns, against her, the Grantor, her heirs, and against all and every person or persons, whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under, him, her, them or any of them SHALL and WILL specially WARRANT and forever DEFEND.

In witness whereof, the said party of the first part has hereunto set her hand and seal. Dated the day and year first above written.

Signed, Sealed and Delivered
IN THE PRESENCE OF US

_____   _____(SEAL)
                                   Lidely Morel

**Commonwealth of Pennsylvania** )
                                           ) ss.
**County of Berks** )

On this, the 13th day of May, 2022, before me, a Notary Public in and for the County and State aforesaid, the undersigned officer, personally appeared Lidely Morel, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that she executed the same for the purposes therein contained, and desired the same might be recorded as such.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Cherylann Hoffman-Hess, Notary Public
Berks County
My commission expires April 18, 2025
Commission number 1073044
Member, Pennsylvania Association of Notaries

I hereby certify that the residence of the Grantee is
148 Greenwich Street, Reading, PA 19601

_____
For the Grantee

# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | **CHAPTER 7** |
| **LIDELY D. MOREL** | **BANKRUPTCY NO. 24-12980 (PMM)** |
| **Debtor** | |
| **CHRISTINE C. SHUBERT**, in her capacity as the Chapter 7 Trustee for the Estate of **LIDELY D. MOREL** | |
| **Plaintiff** | |
| v. | **ADVERSARY NO. 24-** |
| **MANUEL M. MOREL** | |
| **Defendant** | |

**DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, IN SUPPORT OF THE COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On December 23, 2024, I filed the Complaint of Christine C. Shubert, Chapter 7 Trustee, to Avoid and Recover a Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5.    I declare under penalty of perjury that the foregoing is true and correct.

    /s/ Christine C. Shubert
Christine C. Shubert,
Chapter 7 Trustee

Dated: December 23, 2024