IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| LIDELY D. MOREL | BANKRUPTCY NO. 24-12980 (PMM) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of LIDELY D. MOREL | |
| Plaintiff | |
| v. | ADVERSARY NO. 24-00147 (PMM) |
| MANUEL M. MOREL | |
| Defendant | |

**MOTION OF PLAINTIFF FOR ENTRY OF AN ORDER (I) COMPELLING DEFENDANT TO PROVIDE DISCOVERY DISCLOSURES AND (II) AWARDING ATTORNEYS' FEES AND EXPENSES PURSUANT TO FED. R. BANKR. P. 7037 AND FED. R. CIV. P. 37(a)**

Christine C. Shubert, Chapter 7 Trustee for the estate of Lidely D. Morel (the "Debtor") and the plaintiff herein (the "Plaintiff"), by and through her counsel, Karalis PC, hereby moves this Honorable Court for the entry of an Order (i) compelling Manuel M. Morel (the "Defendant") to provide discovery disclosures and (ii) awarding attorneys' fees and expenses pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(a) (the "Motion"), and in support thereof, respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter in accordance with 28 U.S.C. §§ 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(a).

## BACKGROUND

**A.   The Bankruptcy Proceeding.**

4.   On August 27, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

5.   On August 28, 2024, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

**B.   The Adversary Proceeding.**

6.   On December 23, 2024, the Plaintiff initiated an adversary proceeding against the Defendant by filing a complaint (the "Complaint").

7.   As set forth in the Complaint, the Plaintiff seeks the avoidance and recovery of a fraudulent transfer pursuant to the provisions of 11 U.S.C. §§ 544 and 550.

8.   Specifically, the Plaintiff seeks to avoid an recover the transfer of residential real property from the Debtor to the Defendant, her father, for no consideration.

9.   On January 27, 2025, the Defendant filed an Answer to the Complaint.

10.   On January 28, 2025, this Court entered a Pretrial Order which set forth specific deadlines in connection to the instant adversary proceeding (the "Pretrial Order").

11.   As set forth in the Pretrial Order in connection to the disclosures required under Fed. R. Civ. P. 26(a)(3) (the "Disclosures"):

> All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before April 8, 2025.

*See*, Pretrial Order, at ¶ 6(b).

12. On April 7, 2025, the Plaintiff filed and served the Disclosures in accordance with the terms of the Pretrial Order.

13. That being said, the Defendant did not file or serve the Disclosures on or before April 8, 2025.

14. As such, on April 9, 2025, the Plaintiff's undersigned counsel sent correspondence to the Defendant's counsel requesting that the Disclosures be provided on or before April 11, 2025 (the "4/9/2025 Correspondence"). The 4/9/2025 Correspondence is attached hereto as Exhibit "A" and made a part hereof.

## RELIEF REQUESTED

15. The Plaintiff respectfully requests the entry of an Order (i) compelling the Defendant to provide the Disclosures and (ii) awarding attorneys' fees and expenses.

### I. Request for the Entry of an Order Compelling the Defendant to Provide the Disclosures Pursuant to Fed. R. Civ. P. 37(a).

16. Federal Rule of Civil Procedure 37(a), made applicable herein by Fed. R. Bankr. P. 7037, provides, *inter alia*, as follows:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

      (3)    *Specific Motions.*

           (A)    *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

*See*, Fed. R. Civ. P. 37(a).

17.    As of the date of filing of this Motion, the Defendant has failed to provide the Disclosures despite the Plaintiff's request to do so.

18.    The Plaintiff requires the Disclosures to prepare for the trial in this adversary proceeding.

19.    Accordingly, the Plaintiff respectfully requests the entry of an Order compelling the Defendant's Disclosures pursuant to Fed. R. Civ. P. 37.

**II.**    **Request for the Entry of an Order Awarding her Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 37(a)(5).**

20.    Federal Rule of Civil Procedure 37(a)(5), made applicable herein by Fed. R. Bankr. P. 7037, provides as follows:

      (5)    **Payment of Expenses; Protective Orders.**

           (a)    If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

                (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

                (ii)    the opposing party's nondisclosure, response or objections was substantially justified;

or

  (iii) other circumstances make an award of expenses unjust.

*See*, Fed. R. Civ. P. 37(a)(5)(A).

21. The language of Fed. R. Civ. P. 37(a)(5)(A) is mandatory with the exception of the conditions set forth in subparagraphs (i), (ii) and (iii).

22. Here, the Defendant has had ample opportunity to provide the Disclosures but failed to do so.

23. The Defendant's conduct with respect to the Disclosures demonstrates a disregard for the rules of this Court and discovery.

24. As such, the Defendant should be required to pay the Plaintiff's reasonable fees and expenses incurred in preparing, filing and prosecuting this Motion in accordance with Fed. R. Civ. P. 37(a)(5).

## **CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) AND L.B.R. 7026-1(a)**

25. Pursuant to Fed. R. Civ. P. 37(a)(1), the undersigned counsel for the Plaintiff certifies that he has in good faith conferred with the Defendant's counsel in an effort in obtain the Disclosures without Court action. *See*, Exhibit "A".

26. Pursuant to Local Rule 26.1(f) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, as made applicable herein by L.B.R. 7026-1(a), the undersigned counsel for the Plaintiff certifies that the parties have been unable to resolve the instant discovery dispute despite reasonable efforts. *See*, *Id.*

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully requests the entry of an Order (a) granting the relief requested herein and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff*

Dated: April 14, 2025